ORIGINAL   **19MAG   8763**

Approved: _Samuel P. Roth_
         SAMUEL P. ROTHSCHILD
         Assistant United States Attorney

Before:   THE HONORABLE ONA T. WANG
         United States Magistrate Judge
         Southern District of New York

------------------------------------ X
                         :

UNITED STATES OF AMERICA      :  **SEALED COMPLAINT**
                         :
                         :  Violation of 18 U.S.C.
        - v. -         :  §§ 641 and 2
                         :
                         :  COUNTY OF OFFENSE:
ALICIA BROOKS,             :  BRONX
                         :
           Defendant.     :
                         :
------------------------------------ X

SOUTHERN DISTRICT OF NEW YORK, ss.:

      BRIGLANTINA BUJAJ, being duly sworn, deposes and says that she is a Special Investigator with the New York City Department of Investigation, Office of the Inspector General ("OIG") for the New York City Housing Authority ("NYCHA"), and charges as follows:

COUNT ONE

      1.  From in or around September 2014 up to and including in or around 2018, in the Southern District of New York and elsewhere, ALICIA BROOKS, the defendant, did embezzle, steal, purloin, and knowingly convert to her use and the use of another, and without authority did sell, convey and dispose, records, vouchers, money, and things of value of the United States and a department and agency thereof, to wit, the United States Department of Housing and Urban Development ("HUD"), which exceeded the sum of $1,000, and did receive, conceal, and retain the same with intent to convert it to her use and gain, knowing it to have been embezzled, stolen, purloined and converted, to wit, BROOKS fraudulently obtained housing subsidies in connection with the lease of apartments administered by NYCHA.

      (Title 18, United States Code, Sections 641 and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2.     I am a Special Investigator with OIG. I have been personally involved in the investigation of this matter, and I base this affidavit on that personal experience, as well as on my conversations with other law enforcement agents and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the offenses cited above, it does not include all the facts that I have learned during the course of the investigation. Where the contents of conversations of others are reported herein, they are reported in substance and in part.

### The Housing Choice Voucher Program

3.     Based on my knowledge and experience derived from this investigation and from my participation in prior investigations into federal housing benefit fraud, I know the following:

a.     Under the Housing Choice Voucher Program (commonly known as the "Section 8 Program"), which NYCHA administers in cooperation with HUD, low-income individuals who meet certain eligibility criteria may obtain housing subsidies to live in privately owned apartment buildings. A housing subsidy is paid directly to the landlord by NYCHA, from its Manhattan office, on behalf of the participating individual. The individual then pays the difference between the actual rent charged by the landlord and the amount subsidized by the program. Pursuant to federal law, NYCHA receives federal funds from HUD to administer the Section 8 Program.

b.     Applicants who are accepted as tenants in the Section 8 Program are required to submit an affidavit of income ("AOI") on an annual basis certifying, among other things, the applicant's annual income, her assets, her household composition, and the income of any other household members. The AOI requires the applicant to endorse the following explicit acknowledgment: "I certify the information given to New York City Housing Authority on household composition, income, net family assets, and allowance and deductions is accurate and complete to the best of my knowledge and belief."

c.     Under NYCHA regulations, a tenant is required to live in the Section 8 apartment in order to rent it, and she

may live in that apartment with only those individuals identified in the AOI. The number, identity, and income of the individuals listed in the AOI are important factors in NYCHA's determination of whether and to what extent a tenant's rent should be subsidized.

## BROOKS Repeatedly Reported That She Was Not Employed

4. I have reviewed documents maintained by NYCHA regarding ALICIA BROOKS, the defendant. Based on· this review, I have learned the following information, among other things:

a. Since on or about June 1, 2000, BROOKS was the tenant of record of a particular apartment in the Bronx, New York ("Section 8 Apartment-1"). Section 8 Apartment-1 was owned and managed at all relevant times by a private landlord.

b. Immediately following her tenancy at Section 8 Apartment-1, and by on or about February 1, 2013, BROOKS became the tenant of record of a different apartment in the Bronx, New York ("Section 8 Apartment-2," and, together with Section 8 Apartment-1, the "Section 8 Apartments"). Section 8 Apartment-2 was owned and managed at all relevant times by a private landlord. BROOKS maintained tenancy at Section 8 Apartment-2 through on or about December 31, 2018.

c. From on or about June 1, 2000 through on or about December 31, 2018, BROOKS participated in the Section 8 Program and benefited from federal subsidies in connection with her rental of the Section 8 Apartments.

d. As a participant in the Section 8 Program, BROOKS was required each year to file an AOI, in which she was required to provide updated information regarding, among other things, her employment income. This information was necessary to determine whether and to what extent BROOKS's rent should be subsidized by Section 8 benefits.

e. Between on or about December 13, 2007 and on or about October 9, 2017, BROOKS signed and submitted, or authorized the signature and submission of, at least twelve AOIs (the "False AOIs").[1] Each of the False AOIs represented that BROOKS was not employed and thus received no employment income.

---

[1] A thirteenth AOI that was submitted is missing the signature page but appears to have been completed by BROOKS.

f. Each of the False AOIs included a following "Tenant Certification" with language substantially similar to the following: "I certify that the information given to the New York City Housing Authority on household composition, income, net family assets, and allowance and deductions is accurate and complete to the best of my knowledge and belief. . . . I also understand that false statements or information are grounds for termination of housing assistance. Further, I have read or have read to me the above statement."

## BROOKS Earned Employment Income That She Did Not Report To NYCHA

5. Based on my review of documents obtained from NYCHA, I have learned that on or about February 21, 2018, OIG received a complaint from NYCHA's Leased Housing Department ("LHD") regarding ALICIA BROOKS, the defendant. LHD informed OIG that, based on findings from HUD's income verification system, BROOKS failed to report employment income to NYCHA

6. Based on my review of documents obtained from the New York State Department of Labor ("DOL") and Winifred Masterson Burke Rehabilitation Hospital ("Burke"), I have learned that, between in or around 2007 and in or around 2010, ALICIA BROOKS, the defendant, was employed by and earned income from Burke. For example, between in or around 2007 and in or around 2010, BROOKS earned approximately $61,136.67 in net wages from Burke.

7. Based on my review of documents obtained from DOL and Memorial Sloan Kettering Cancer Center ("Sloan"), I have learned that, between in or around 2010 and in or around 2018, ALICIA BROOKS, the defendant, was employed by and earned income from Sloan. For example, BROOKS earned approximately $27,156.01 in or around 2010, approximately $37,650.78 in or around 2011, approximately $45,654.92 in or around 2012, approximately $40,733.97 in or around 2013, approximately $49,794.37 in or around 2014, approximately $53,729.48 in or around 2015, approximately $55,120.97 in or around 2016, approximately $71,399.15 in or around 2017, and approximately $75,327.89 in or around 2018.

## BROOKS Confesses To Filing False AOIs

8. On or about June 25, 2018, another law enforcement agent and I interviewed ALICIA BROOKS, the defendant, at OIG's office. At the outset of the interview, BROOKS was advised that her participation was voluntary, that she was free to end the interview at any time, and that she was not compelled to make any

statements or to answer any questions. BROOKS nonetheless provided under oath the following information, among other things:

a. BROOKS initially insisted that she had been employed only for the "three years" preceding the interview (*i.e.*, since approximately 2015). When confronted with documents, however, BROOKS admitted to having been employed by Burke starting in or around 2007 and by Sloane starting in or around 2010. BROOKS further admitted to not reporting on the False AOIs income from her Burke employment or her Sloan employment.

b. When asked why she did not report her employment income, BROOKS stated that she "d[id]n't know." She denied that she concealed her employment income to reduce her rent.

c. BROOKS acknowledged that she "should have reported" her employment income, admitting that "it [was her] fault." BROOKS stated that she "should have been honest."

d. BROOKS agreed that she has not been paying the correct amount of rent due to her failure to report her employment income, and that fraud was committed.

e. BROOKS said she was "very sorry" for her actions, that she is "done" with her fraudulent conduct, and that she "can afford to pay the rent." As a result, I provided BROOKS a "Notice of Intent To Vacate" form, explaining that she could complete the form to voluntarily relinquish her Section 8 voucher, and noting that her completion of the form was completely voluntary. BROOKS indicated that she would take the form home and return a completed copy to me.

9. Based on my review of documents obtained from NYCHA, I understand that ALICIA BROOKS, the defendant, voluntarily relinquished her Section 8 voucher effective on or about December 31, 2018.

## BROOKS Received Housing Subsidies To Which She Was Not Entitled Based On The False AOIs

10. I have reviewed a rent recalculation for the Section 8 Apartments that was performed by LHD. The rent recalculation reflects that, from in or around June 2008 through in or around August 2018, ALICIA BROOKS, the defendant, received approximately $123,235.98 in Section 8 subsidies to which she was not entitled.

WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of ALICIA BROOKS, the defendant, and that she be arrested and imprisoned, or bailed, as the case may be.

BRIGLANTINA BUJAJ
Special Investigator
New York City Department of Investigation
Office of the Inspector General
New York City Housing Authority

Sworn to before me this
18th day of September 2019

THE HONORABLE ONA T. WANG
United States Magistrate Judge
Southern District of New York